Moisés Ramírez, Mayor of Cabo Rojo, Petitioner, *v.* James R. Beverley, Governor of Puerto Rico, Respondent.

No. 845. Argued June 20, 1932.—Decided December 23, 1932.

*L. Tormes García* for petitioner. *Charles E. Winter, Attorney General,* and *T. Torres Pérez, Assistant Attorney General,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Section 11 of Act No. 53 of 1928 (Session Laws, p. 334) reads as follows:

"When in any municipality there may be continuous friction between the Assembly and the Mayor, to such extent that the credit of the municipality and the public affairs should suffer serious delay or prejudice, the Mayor or the Assembly may request the Governor to order and investigation which in such case shall be made by the office of the Auditor of Porto Rico.

"The Auditor of Porto Rico shall make a report which shall be submitted to a committee composed of three members of the Senate appointed by its President, one of whom shall represent the minorities. Said committee shall have authority to recommend to the Governor that he declare vacant the office of Mayor or the office of any number of members of the Assembly, and appoint substitute officers for the term and in the manner prescribed in this Act for the filling of vacancies in said offices. The committee shall adopt no resolution until after a hearing where all the parties interested may be heard and offer evidence as to the matters in question. The decision of the Governor may be reviewed by certiorari."

Based on the above statute, four of the seven members who constitute the Municipal Assembly of Cabo Rojo sent a written communication to the Governor of this Island setting forth that the situation prevailing in that municipality, because of the continuous friction between Mayor Moisés Ramírez and the Municipal Assembly, rendered his intervention necessary to restore harmony eventually to that municipality, and pointing to certain acts of the mayor as productive of the said situation. The Auditor of Puerto Rico made the investigation prescribed by law, and reported to the President of the Senate, who appointed a committee composed of three senators, which after holding public hearings, advised the Governor that serious friction existed between the Municipal Assembly and the Mayor of Cabo Rojo, which was prejudicial to the municipal credit and to the interests of the public of that community, and for which the mayor alone was responsible, and recommended that the Governor

declare vacant the office of Mayor of Cabo Rojo. On the basis of this report, and its recommendation, the Governor declared said office vacant. Mayor Ramírez has filed a petition for certiorari to review this order.

One of the grounds on which the petition is based is that, since there is no resolution of the Municipal Assembly reporting the existence of any friction, administrative chaos, or loss of credit of the Municipality of Cabo Rojo, neither the Senate of Puerto Rico nor the Governor of this Island has had jurisdiction in this matter, and therefore the order complained of could not be issued.

According to the statute, the mayor or the assembly may request the Governor to order an investigation in cases such as the one before us. There is no resolution of the Municipal Assembly of Cabo Rojo providing for resort to the Governor because of friction existing between it and the mayor. There is only the individual petition of four of its assemblymen; but the individual acts of members of the municipal assembly are not the acts of such assembly. In 2 McQuillin, Municipal Corporations, first edition, pp. 1266–1267, it is said that the existence of the council or governing body is as a board or entity, and the members thereof can do no valid act except as a board, many cases being cited in support of this principle. The term "assembly" which is used in the statute in connection with "municipality," means "municipal assembly," which acts by means of resolutions. If the Legislature had intended that the complaint might be made individually by members of the assembly, it would have so stated. In this case the Municipal Assembly of Cabo Rojo, as such, has requested nothing of the Governor, and since the individual acts of the assemblymen are not the acts of the assembly, it must be concluded that, for want of the complaint or request of the municipal assembly to the Governor, all that was done was without jurisdiction, and for this reason the order reviewed must be vacated.